UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RABEL BAJWA,

    Plaintiff,

v.                                              Case No.:  2:21-cv-692-SPC-KCD

PRIME HEALTHCARE
SERVICES - LEHIGH ACRES,
LLC,

    Defendant.
_____/

## **ORDER**

Before the Court is Plaintiff Rabel Bajwa's Motion to Vacate Order on Motion to Stay. (Doc. 24.) Defendant Prime Healthcare Services—Lehigh Acres, LLC ("Lehigh Hospital") responded, making this matter ripe. (Doc. 27.) For the reasons below, Bajwa's motion is denied.

### **I. Background**

Bajwa is suing her former employer for discrimination. Allegedly, when Bajwa started working for Lehigh Hospital, the parties signed an arbitration agreement. (Doc. 7 at 2.) So after Lehigh Hospital was served with the complaint, it invoked the arbitration clause. Bajwa's attorney eventually agreed to arbitration, and the parties submitted a joint stipulation to arbitrate and stay this litigation. (Doc. 7.)

Before incurring any further expense, the parties attempted to reach a settlement. When those efforts failed, Bajwa initiated arbitration. (*See* Doc. 12.) A conflict of interest was eventually discovered that led Bajwa's attorney to withdraw. (Doc. 18.) This left Bajwa without legal representation. She now asks the Court to vacate its order sending this case to arbitration, saying she never signed an arbitration agreement with Lehigh Hospital in the first place.[1] (Doc. 24.)

## II. Discussion

Lehigh Hospital argues this motion is governed by Federal Rule of Civil Procedure 60(b), which provides several grounds for granting relief from a final judgment, order, or proceeding. (Doc. 27 at 5-6.) But the order staying this case and sending the parties to arbitration is not a final order or judgment. *See Martinez v. Carnival Corp.*, 744 F.3d 1240, 1243 (11th Cir. 2014). Thus, "Rule 60(b) is inapplicable."[2] *Herskovic v. Wireless*, No. 19CV03372HGRML, 2023 WL 2760491, at *3 (E.D.N.Y. Apr. 3, 2023). Because there is no final order, the Court can revisit its arbitration decision at any time under Rule 54(b). *Dietz v.*

---

[1] She also urges the Court to use the Forced Arbitration Injustice Repeal Act (FAIR Act) to invalidate any pre-dispute arbitration agreement the parties may have signed. (Doc. 24 at 2.) But it appears this legislation was never enacted. *See H.R.963 – FAIR Act of 2022*, Congress.gov, https://www.congress.gov/bill/117th-congress/house-bill/963 (last visited Apr. 20, 2023). Thus, Bajwa's FAIR Act argument is disregarded.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

*Bouldin*, 579 U.S. 40, 46 (2016) ("[A] district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case"); *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995) ("[T]he district court has plenary power over [an interlocutory order] and may therefore reconsider, revise, alter or amend that order at any time prior to final judgment."). The Court therefore construes Bajwa's motion to vacate as a request for reconsideration.

Bajwa makes several arguments that allegedly show she never entered into an arbitration agreement with Lehigh Hospital. (Doc. 24 at 1-2.) But another threshold issue must be considered first: whether Bajwa's attorney could unilaterally bind Bajwa to arbitration. There is no question Bajwa's attorney agreed with Lehigh Hospital to refer the case to arbitration under the agreement presented. (*See* Doc. 7 at 2 ("The Parties have conferred regarding the terms of the Arbitration Agreement and have agreed to submit Plaintiff's claims to final and binding arbitration with JAMS."); Doc. 24 at 1.) Thus, if the lawyer's authority is binding, then whether Bajwa agreed to arbitration when she was hired is beside the point—she has to go anyway.

An attorney's power to bind her client in these circumstances is decided by state, not federal, law. *Glazer v. J.C. Bradford & Co.*, 616 F.2d 167, 169-70 (5th Cir. 1980); *Saettele v. Maronda Homes, Inc. of Fla.*, 438 F. App'x 749, 750 (11th Cir. 2011). Under Florida law, "[a]n attorney acting for his client within

3

the scope of his authority binds his client." *Tesini v. Zawistowski*, 479 So. 2d 775, 776 (Fla. Dist. Ct. App. 1985) (citing *Griffith v. Investment Co.*, 110 So. 781, 783-84 (Fla.1926)). This includes "the implied authority to try a case as his/her best judgment dictates and in so doing to bind the client in all procedural matters." *Knupp v. Knupp*, 625 So. 2d 865 (Fla. Dist. Ct. App. 1993), *disapproved of on other grounds by De Clements v. De Clements*, 662 So. 2d 1276 (Fla. Dist. Ct. App. 1995). In contrast, unilateral authority does not extend to dispositive matters. *State ex rel. Pers. Fin. Co. v. Lewis*, 140 Fla. 86, 88 (1939) ("It is quite true that in matters of procedure or practice which affect solely the conduct of a cause, an attorney may bind his client but this is not the rule as affecting the merits.").

The issue presented here, then, is whether a stipulation to arbitrate is procedural and within the scope of an attorney's binding authority, or merits-based and outside of it. The Florida Supreme Court settled this question long ago: "That an attorney, in an action at law, has a general power to refer his client's cause to arbitration and, by entering into a reference, to bind his client, we entertain no doubt. This principle is sustained by numerous authorities." *Post v. Carpenter*, 2 Fla. 441, 443 (1849); *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1371 (11th Cir. 2005) ("[A]s the Supreme Court has recognized, a party agreeing to arbitration does not waive any substantive statutory rights; rather, the party simply agrees to submit those rights to an

4

arbitral forum."). For this Court to now hold otherwise would be error. Thus, Bajwa's attorney was within her authority to bind Bajwa to arbitration. *See, e.g., Miccosukee Tribe of Indians of Fla. v. Cypress*, No. 12-CV-22439, 2013 WL 2158422, at *3 (S.D. Fla. May 17, 2013), *aff'd*, 814 F.3d 1202 (11th Cir. 2015) ("[A] party who itself has not signed an arbitration clause, may be compelled to arbitrate if a signatory executed the arbitration agreement as its agent."). And it necessarily follows that any objections Bajwa has to an arbitration agreement purportedly signed upon her hiring are moot.

But Bajwa is not left without a remedy. As she points out (Doc. 24-1 at 1), Bajwa may address her grievances with her former attorney directly. *See Griffith*, 110 Fla. at 784. And, of course, her claims against Lehigh Hospital live on, though now in arbitration.

Accordingly, Plaintiff's Motion to Vacate Order on Motion to Stay (Doc. 24) is **DENIED**. The parties are to continue filing joint reports on the status of arbitration as previously directed. (*See* Doc. 8.) Their next report is due by July 5th, 2023.

**ENTERED** in Fort Myers, Florida this April 24, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record